## Enos vs. Hamilton and others.

CAUSE OF ACTION—PRESUMPTION OF LAW: *Action will lie for* special *damages to plaintiff from unlawful obstruction of navigable river.*— *When obstruction* presumed *to have been unreasonable and unlawful.*

1. An obstruction of the navigation of a river for six weeks during the season of navigation must be *presumed* to have been unreasonable and unlawful; and if it was in fact lawful, and continued only for a reasonable length of time according to the course of navigation in such river, or if it was made necessary by inevitable accident, that is a matter of defense to be set up in the answer to an action for such obstruction, and need not be negatived in the complaint.
2. One cannot maintain an action for a wrong done to him in common with other members of the community (the remedy being by a public prosecution), but he may sue for any *special* damage done to himself.
3. The complaint alleged that plaintiff was carrying on a tannery at a certain place on the Wolf river; that during May, June and July, 1867, he was compelled to procure the bark necessary for said tannery at a point sixty miles farther up the stream, and that was the only place and mode he had for obtaining the same; and that defendant totally obstructed the river with logs, etc., for six weeks from the 1st of June in that year, and thus wholly prevented plaintiff during that time from getting the bark necessary for his tannery, and delayed him in the manufacture of leather at least four weeks, during which time the price of leather fell a specified amount, and also compelled him to keep his employees in idleness, at great expense to himself, etc., etc. *Held*, that a good cause of action for special damages was stated.

APPEAL from the Circuit Court for *Winnebago* County.

The facts alleged in the complaint are substantially as follows: In the spring and summer of 1867, the plaintiff below (who is also plaintiff in error) was engaged in operating a tannery in the village of New London, in Waupaca county, in this state, on the banks of the Wolf river. During May, June and July of that year he was compelled to procure the bark necessary for operating said tannery, at what is known as the Red Banks, upon the Wolf river, about sixty miles above New London, and to transport the same by boats on said river; and this was the only place and mode he had for obtaining the bark required. The Wolf river between the points mentioned is a navi-

gable stream.   About the first of June, and for six weeks thereafter, the defendants, by their servants, etc., totally obstructed said river for the distance of about a mile, at a point between plaintiff's tannery and said Red Banks, by filling the same with logs and timber belonging to them or under their control, so that plaintiff was wholly prevented from navigating the river there, and from obtaining the necessary supplies of bark for his tannery; in consequence of which he was unable fully to operate said tannery, and the liquors therein necessarily ran down, became weak and sour, thereby flattening the stock in said tannery, greatly decreasing the weight of the leather, and depreciating its quality; and plaintiff was delayed four weeks in the tanning and manufacturing of said stock, during which time leather declined in price three or four cents per pound; and many of plaintiff's employees were compelled to remain idle at a great expense to him, etc., etc.; to plaintiff's damage $3,000, for which judgment is demanded.

The defendants denied generally; and at the trial they objected to the introduction of any evidence under the complaint, on the ground that it did not show any cause of action.   The court sustained the objection, and rendered a judgment of nonsuit; which plaintiff seeks to reverse for error.

*Gabe Bouck*, for plaintiff in error, to the point that upon the facts of this case a suit could be maintained for special damages, cited, Angell on W. C., § 567; Angell on Highways, § 281; Shearm. & Redf. on Negligence, § 344; *Stetson v. Faxon*, 19 Pick. 161; *Maynell v. Saltmarsh*, 1 Keb. 847; *Wiggins v. Boddington*, 3 C. & P. 544; *Wilkes v. Hungerford Market Co.*, 2 Bing. N. C. 281; *Iveson v. Moore*, 1 Ld. Raym. 486; *Rose v. Miles*, 4 Maule & Sel. 101; *Hughes v. Heiser*, 1 Binney, 463, commented on in *Lansing v. Smith*, 8 Cow. 146; *Hildreth v. Lowell*, 11 Gray, 349; *Browne v. Scofield*, 8 Barb. 239; *Greasly v. Codling*, 9 E. C. L. 407; 2 Johns.

Ch. 439; 4 Paige, 516; 5 Ohio, 410; 51 Me. 296; id. 256; 50 id. 479; 42 id. 150.

*Coleman & Thorp*, for defendants in error, argued that the complaint did not state any cause of action, in that it failed to allege that defendants *unlawfully* or *unreasonably* obstructed the river (Angell on Highways, § 230; *Rex v. Watts*, 2 Esp. 675; *Rex v. Carlile*, 6 C. & P. 636; *Mohr v. Gault*, 10 Wis. 513); and that in view of the peculiar character of the navigation of the Wolf river—the amount of lumber brought to market thereon, and which can only be brought down at certain seasons of the year—the facts alleged in the complaint did not create a legal presumption that the obstruction complained of was unlawful or unreasonable. 2. That the injury done to defendant might differ in *degree*, but did not differ in *kind*, from the injury done to other persons, merchants, mill owners, manufacturers and others, resident upon the same stream and interested in its free navigation; and that plaintiff, therefore, could not maintain a private action for damages, but the remedy was by indictment. Angell on Highways, pp. 199, 205, 254; Shearm. & Redf. on Negligence, 466, 467 and notes; *Blood v. R. R. Corp.*, 2 Gray, 137; 17 Wis. 155; *Smith v. City of Boston*, 7 Cush. 254; *Brainard v. R. R. Co.*, id. 510; *Holman v. Townsend*, 13 Met. 297; *Willard v. Cambridge*, 3 Allen, 574; *Pres. and Fellows of Harvard College v. Stearns*, 15 Gray, 1; *Dougherty v. Bunting*, 1 Sandf. S. C. 1; 33 N. H. 495; *Lansing v. Smith*, 8 Cow. 146; *Seeley v. Bishop*, 19 Conn. 128; *Brightman v. Fairhaven*, 7 Gray, 271; 7 Met. 276; *Gerrish v. Brown*, 51 Me. 256; 3 Allen, 501; 2 N. H. 255; 30 N. Y. 44; 1 Ky. 292; 7 Ind. 462; 3 B. & S. 66; 4 id. 608; 29 Cal. 156; 3 Caines, 307; 1 Esp. 148; 2 Exch. 316.

DIXON, C. J. If the obstruction of the river so that it could not be navigated was lawful, and continued only for a reasonable length of time, according to the

course of navigation, or if it was made necessary by reason of misfortune or inevitable accident, and without fault on the part of the defendants, these were matters properly coming from the defense, and which need not be negatived by the complaint. The obstruction of the navigation, as charged in the complaint, for a period of six weeks, at a season of the year when the river should have been otherwise free and open, must be presumed to have been unlawful and unreasonable.

The other question presented, whether, upon the facts stated in the complaint and the evidence offered at the trial, a case of special or peculiar damage to the plaintiff was shown or proposed to be, so as to enable him to maintain his action, is one possibly of more difficulty, though to our minds it seems quite plain and clear. The general principle that no action can be maintained by an individual for a wrong thus suffered or damage sustained by him in common with other members of the community, but that the remedy is by public prosecution or suit, in the name of some one officially authorized to vindicate the rights of the public, is of course well understood. It was recognized and acted upon by this court in *Carpenter v. Mann*, 17 Wis. 155. On the other hand, the other principle or rule, that where particular or special damage is shown, the action may be maintained, is equally well settled, and the only difficulty about it arises from its application to the particular case. Counsel for the defendants cites *Blood v. Railroad Corporation*, 2 Gray, 137, and quotes the language of the court in *Smith v. City of Boston*, 7 Cush. 254; in *Brainard v. Conn River R. R. Co.*, id. 506; and in *Holmes v. Townsend*, 13 Met. 297.

There may be something in the language of some of those cases, and especially in that of Chief Justice SHAW in the last one, which, broadly applied, tends to sustain the position that no special or peculiar damage was averred or offered to be proved here. The case

last referred to, and in which Chief Justice SHAW was speaking, is the only one the facts of which bear any resemblance to those of the case we are now considering. In that case the plaintiff averred that by reason of the obstruction and incumbrance with snow and ice, he was prevented from traveling the highway, with his horses, cattle, teams, and on foot, etc., which was clearly an injury common to the entire community. He also averred that he was prevented from hauling and sledding a great quantity of logs and timber to a saw mill to be sawed, and from working on his wood lot and about his logs and wood, but he averred no special or particular damage or loss because of his having been so prevented. The rule governing the case was therefore clear, and the language of the court in that and the other cases must be construed with reference to the facts and nature of the case before it. But in that case we are referred by the learned chief justice to the case of *Stetson v. Faxon*, 19 Pick. 147, as one in which the distinction is well stated between special and peculiar damage which will sustain a private action, and that damage common to all the public which will not, and in which the authorities are reviewed. An examination of the latter case will, we think, prove quite satisfactory upon the question here presented. It establishes beyond doubt, so far as it can be established by authority, that this is a case of special damage. Many of the cases reviewed, both English and American, in which the action has been maintained, were as like this in all their facts and circumstances as different actions depending upon the same principle well can be.

*By the Court.*—Judgment reversed, and a *venire de novo* awarded.