[No. 3,947.]

# THE PEOPLE EX REL A. R. JACKSON v. THE BOARD OF SUPERVISORS OF KERN COUNTY.

APPLICATION TO SUPREME COURT FOR WRIT OF MANDATE.—The facts, in an application to the Supreme Court for a writ of mandate to compel the Board of Supervisors of a county to count the votes of certain precincts cast at an election for the removal of a County Seat, that the District Court of the county does not hold a term for two months, that delay in making improvements at the County Seat will be an injury, that it is the practice of the Supreme Court to give people's cases the precedence, that nearly all the people of the county are disqualified as jurors, and that the Attorney-General resides at the Capital of the State, and cannot well attend Court at the county, are not sufficient reasons why the application for the writ should not be made to the District Court of the county.

Application to the Supreme Court for writ of mandate to require the Supervisors of Kern County, as a Board of Canvassers, to count the votes cast at certain precincts, in an election to determine the location of the county seat; and to declare Bakersfield the county seat.   The election for the removal of the county seat of Kern County was held on the 15th day of February, 1873.   The two places voted for were Havilah, the then county seat, and Bakersfield.   It was alleged that the Board did not count the votes cast at two precincts for Bakersfield.   The Board declared that Havilah had received a majority of votes, and it was claimed that if the votes for the two precincts had been counted, Bakersfield would have received a majority.   Notice was given, and filed on the 8th day of September, 1873, that an appli-

cation for the writ would be made on the 1st day of the following October term of the Supreme Court. The petition presents the following as the reasons why the writ should issue from the Supreme Court:

"1. The Constitution of the State (Art. VI.; Sec. 4) gives this Court jurisdiction of such proceeding and does not confer jurisdiction in such cases on any other Court.

"2. If the District Court has the jurisdiction, such Court in and for the county of Kern holds no term until the third Monday in November next, and the delay necessarily incident to the trial in that Court and on appeal, if one be taken, is injurious to the petitioners. In the meantime no public improvements can be safely made at Bakersfield or Havilah.

"3. This is a case where the people are parties, and, by the course of practice of this Court, should have precedence in point of time, and a speedy determination.

"4. It is a case where every elector of the county is interested, most of them having cast their votes at the election contested in this proceeding, and being disqualified as jurors from sitting as such in the trial of this case.

"5. The Attorney-General, representing the people in this case, resides at the State Capital, and cannot well attend a term of Court at Havilah, without neglecting his other official duties."


*John L. Love,* Attorney-General, *B. Brundage, C. G. W. French,* and *McKune & Welty,* for Relator.


*S. W. Sanderson,* contra, raised the preliminary objection that the circumstances stated were not sufficient compliance with Rule 37 of the Supreme Court, and he argued that it was the object of the rule to prevent the Supreme Court from being overburdened with applications for writs, and to protect litigants from expense and inconvenience by requiring the application to be made, in all proper cases, to the inferior Courts where the parties resided. He referred to *State* v. *Haben,* 22 Wis. 101.

Chief Justice WALLACE, speaking for the Court, said: We are of opinion that the petition does not show sufficient reasons why the application should not be made to the District Court.

Application denied.