THE STATE OF KANSAS, *ex rel.*, v. SIDNEY A. BREESE.

1. MANDAMUS—*Application for, where made.* An application to compel the performance by an officer of the district court of a duty devolving upon him by virtue of such office, should ordinarily be made in the first instance to that court.

2. ———— *Power of Supreme Court.* While the power of this court is unquestioned, it will generally refuse an application without a showing of satisfactory reasons for not first applying to that court.

The State, *ex rel.*, v. Breese.

*Original Motion for Mandamus.*

THE county attorney of Chase county, as relator, filed in this court a petition and motion for a mandamus, to compel *Breese*, as clerk of the Chase district court, to issue a warrant on a criminal action. The petition shows that one J. W. Ferry was on the 20th of February 1875 arrested and brought before a justice of the peace of Chase county on a charge of assault with intent to kill one Daniel Wood; that a preliminary examination was held by the justice, which resulted in binding Ferry over to appear at the next term of the district court, and that in default of giving the required bail he was committed to the county jail; that on the same day he applied to the probate judge of Chase county for a writ of *habeas corpus*, on the ground that he never committed the offense charged and for which he was held, and that there was an entire absence of probable cause that he committed such offense; that the writ of *habeas corpus* was granted; that on the 5th of March, the county attorney filed an information in the office of the clerk of said district court against said Ferry, charging him with the same offense for which he was bound over by the justice; that on the 6th of February Ferry had a hearing on his writ of *habeas corpus* before the probate judge; that the probate judge upon such hearing discharged him; that the county attorney then ordered the defendant *Breese*, as clerk of the district court, to issue a warrant on the information filed; that the clerk refused to issue the warrant. Upon these facts the county attorney asks this court to issue a writ of mandamus to compel the clerk to issue the warrant. The defendant *Breese* appeared and admitted that the facts stated in the petition are substantially true, but objects to the issuing a writ of mandamus thereon upon the grounds that said petition does not state facts sufficient to entitle the plaintiff therein to a writ of mandamus.

*S. N. Wood*, county-attorney, in support of the motion.

*Ruggles & Sterry*, for defendant, *contra*.

The opinion of the court was delivered by

BREWER, J.: This is an application for a mandamus to compel the defendant, the clerk of the district court of Chase county, to issue certain process. It is addressed in the first instance to this court, and no reason is given why the application was not made to the district court. The defendant is an officer of the district court. The duty which he is charged with neglecting, is one devolving upon him as such officer. It seems to us there are many reasons why an application to compel him to discharge any of those duties should be addressed in the first instance to that court. There can be no question of the power of that court. It is especially charged with the duty of regulating the proceedings of its own officers. It will tend to promote harmony in those proceedings to have them all controlled by one tribunal. It will prevent conflicting orders. That court is . better acquainted with its officers, can more fully appreciate the reasons for their action, and more justly measure the punishment to be awarded in case of disobedience. There are still other considerations of a different nature, which are generally true. The costs of proceedings in this court are greater than those in the district court. The party is compelled to carry on a litigation away from home, and therefore at greater expense. Testimony will be more by deposition, and therefore less satisfactory. We do not doubt the power of this court, and there may be cases where it would be proper for the application to be first made here; and when such cases arise we shall not hesitate to act. But in this case we see nothing to induce a deviation from that course which seems to us ordinarily appropriate and just. The writ of mandamus lies largely within the discretion of the court, and the existence of absolute legal rights in the party, and jurisdiction in the court, does not always compel the issue of the writ. *The State, ex rel. Wells, v. Marston,* 6 Kas. 525; *A. T. & S. F. Rld. Co. v. Comm'rs of Jefferson Co.,* 12 Kas. 127.

The writ will be refused. But this disposition of the case

is not to be taken as an adjudication of the merits of the controversy, or to prevent an appeal to the district court for such adjudication, or to this court a second time, with a showing of sufficient reasons, if any exist, why appeal is not made in the first instance to the district court.

All the Justices concurring.