## SNOW v. SUPERVISORS OF STANISLAUS COUNTY and Others.

### No. 9944; February 25, 1885.

#### 6 Pac. 90.

**Mandamus in Supreme Court.**—An Application for a Writ of Mandate will not be entertained by the supreme court until the petitioner has exhausted his remedy in the superior court, unless special cause be shown therefor. The fact that the petitioner, a candidate for the office of supervisor, was defeated in a contest for such office in the superior court is not sufficient cause for an application in the supreme court for a writ to compel the board of supervisors to allow him to exercise the office of supervisor, where, subsequent to the decision of the election contest, there was a change of the judge of such superior court.

Application for writ of mandate to compel the board of supervisors of Stanislaus county to allow petitioner to exercise his office as a member of such board. In a contest to determine petitioner's right to such office he was defeated, but subsequent to the judgment in the election contest, in the superior court, and prior to the application here made, there was a change in the judge of such superior court.

Schell & Bond for petitioner; Wright & Hazen for respondent.

By the COURT.—In this case the petitioner can bring his action for the writ of mandate in the superior court for the county above named. The reasons assigned for not bringing it in that court are insufficient, as there has been a change of the judge of that court since the judgment was rendered in the contested election case of Reynolds v. Snow. In accordance with the rule of this court the petitioner must seek his remedy in the superior court.

Application denied, and proceedings dismissed.