## *In re* RINGROSE.

The supreme court will not assume original jurisdiction of mandamus proceedings to compel the board of canvassers to reconvene and recanvass the votes, unless some reason is shown why the application was not made to the circuit court.

(Opinion filed Nov. 30, 1896.)

Original application, on the part of P. M. Ringrose, against F. C. Hedger and others, for a writ of mandamus. Denied.

The facts are stated in the opinion.

*H. H. Potter*, for petitioner.

CORSON, P. J.    This is an application to this court for a peremptory writ of mandamus, directed to the board of election canvassers of Brown county, commanding that board to reconvene and recanvass the votes of said county, and to include in an amended abstract the votes cast in the precinct of Oneota, in said county, in which it is claimed 24 votes were cast for the petitioner, as presidential elector, and which said vote the said board of canvassers wrongfully and illegally failed to include

in the abstract of votes made by said board; that the result of said vote of said Oneota precinct, if canvassed, would give to the petitioner a majority of 16 votes over his competitor for the same office in that precinct. The affidavit states that said Ringrose is a resident and legal voter of said Brown county, and contains the usual statement of the holding of an election on November 3, 1896, and that the petitioner was a candidate for presidential elector, and concludes as follows: ''And the said F. C. Hedger, county auditor, as aforsaid, and member of said canvassing board, has prepared an abstract of the votes cast for the candidates for presidential elector, as aforesaid, in accordance with said canvass, and has omitted from said abstract all the votes cast in said Oneota precinct, as aforesaid; and in the counting of said votes by the board of county canvassers and in making an abstract thereof, affiant will be deprived of the benefit of said votes cast for him in said Oneota precinct, unless the said canvassing board is ordered and compelled by a writ of mandamus to reassemble, and count said votes cast in said Oneota precinct, and make abstract thereof, as aforesaid, and forward a correct abstract of the votes cast in said Brown county to the secretary of state of South Dakota. That said canvassing board has adjourned *sine die.* That said county auditor has or is about to forward to the secretary of state a copy of said abstract of votes, not including the votes of said Oneota precinct.'' The affidavit does not state that, if said votes cast in the Oneota precinct are counted and included in an amended abstract, they will in any manner affect the result of the election, nor does the petitioner assign any reason why the application is not made to the circuit court in and for said Brown county; and the proceeding is not instituted by the authority of the attorney general, in behalf of the state.

The facts as presented are not such as to call into exercise the original jurisdiction of this court, and we must therefore decline to exercise such jurisdiction. This court, in Everitt v. Board, 1 S. D. 365, 47 N. W. 296, lays down some general rules

that would govern this court in the exercise of its original jurisdiction; and a further discussion of that question does not seem to be required at this time, as the facts stated in the affidavit do not bring this application within any of the rules therein laid down, calling for the exercise of such original jurisdiction. The application is therefore denied.