THE SUPREME LODGE OF THE ORDER OF SELECT
  FRIENDS v. JOE CAREY, *as Clerk of the District
  Court, et al.*

No. 9538.

SUPERSEDEAS BOND—*clerk wrongfully refusing approval, remedy
  is motion, not action to enjoin execution.*  In case of the refusal
  of the clerk of the district court to approve an undertaking
  given to stay the enforcement of a valid judgment until a review
  of the proceedings can be had in an appellate court, the appro-
  priate remedy is an application to the court of which he is an
  officer, and which has supervision over him, to compel the perform-
  ance of his duty.  When adequate relief may be had by that pro-
  cedure an action in another court to enjoin the enforcement of
  such judgment cannot be maintained.

*Error from Bourbon District Court.*
*Hon. J. S. West, Judge.*

AFFIRMED.                    OPINION FILED JANUARY 8, 1897.

*J. L. Dennison,* for plaintiff in error.

*Oscar Foust & Son,* for defendant in error.

JOHNSTON, J.   This was an action to enjoin the en-
forcement of the judgment rendered by the District
Court of Anderson County in favor of Charles Ray-
mond and against the Supreme Lodge of the Order of
Select Friends, which judgment has just been affirmed.
(Ante, p. 647.)   After the rendition of the judgment, a
case was made for, and filed in, the Supreme Court
with a view of obtaining a reversal.   In order to su-
persede the judgment and stay its enforcement until
a review could be had, an undertaking was tendered
by the Supreme Lodge to the Clerk of the District
Court of Anderson County, but he declined to approve
it.   An execution was issued and placed in the hands
of the Sheriff of Bourbon County, which he was about
to levy, when the Supreme Lodge brought this action
in the District Court of Bourbon County, alleging that

the undertaking was valid and sufficient; that it was wrongfully refused by the clerk; that Raymond was insolvent, and, if the collection of the judgment should be enforced and it should be subsequently reversed and set aside, the Supreme Lodge would suffer great and irreparable loss.

The District Court sustained a demurrer to the petition and gave judgment for defendants.

The petition was demurrable. It is not claimed that the judgment is void, nor is any reason shown for resorting to this extraordinary remedy in a court other than the one wherein the judgment was rendered. The remedy is not appropriate. If the district clerk capriciously or wrongfully refused to approve a proper undertaking, the plaintiff should have proceeded against him in the court of which he was clerk. Adequate relief could have been had there by employing ordinary methods of procedure. The clerk is an officer of the District Court, which is charged with the duty of regulating the proceedings of its own officers. In *The State, ex rel., v. Breese*, 15 Kan. 123, it was held that an application to compel the performance by an officer of the district court of a duty devolving upon him by virtue of his office should ordinarily be made in the first instance to that court. It was said that harmony will be promoted by having all the proceedings controlled by one tribunal, and that the district court ''is better acquainted with its officers, can more fully appreciate the reasons for their action, and more justly measure the punishment to be awarded in case of disobedience.''

We think the District Court ruled correctly, and its judgment will therefore be affirmed.

All the Justices concurring.