STATE OF NEBRASKA, EX REL. IGNATIUS J. DUNN, RELATOR, V. FRANK E. MOORES, MAYOR, ET AL., RESPONDENTS.

FILED MAY 18, 1904. No. 13,552.

1. Mandamus: DISCRETION. It is in the discretion of this court to issue or refuse a writ of mandamus, even when a *prima facie* right thereto is shown.

2. ———: PEREMPTORY WRIT. A peremptory writ of mandamus will not be issued, except with a view to enforce its mandates if necessary.

3. ———: CONCURRENT JURISDICTION. The district court has concurrent jurisdiction, and, considering the nature of the supposed duties sought to be enforced, application should be made to that court. It is not the duty of this court to undertake to compel the performance of the things contemplated by the allegations of the alternative writ.

ORIGINAL application for a writ of mandamus to compel the mayor, chief of police and board of fire and police commissioners of the city of Omaha to enforce the provisions of the liquor law. *Dismissed.*

*Ignatius J. Dunn,* for relator.

*C. C. Wright, Charles Ogden* and *W. J. Connell, contra.*

SEDGWICK, J.

This is an original application to this court for a writ of mandamus against the mayor, the board of fire and police commissioners and its members, and the chief of police of the city of Omaha. Separate general demurrers are filed by the board and its members, by the mayor, and by the chief of police. The nature of the action is disclosed by the command of the alternative writ which is as follows:

"Now, therefore, we being willing that full and speedy justice be done in the premises do command you, the said John J. Donahue, chief of police of the city of Omaha, that you do forthwith arrest, or cause to be arrested, by the members of the police force of said city of Omaha, all persons engaged in, or found violating, the laws of the state of Nebraska or the ordinances of the city of Omaha, as herein referred to, by selling or giving away malt, spirituous or vinous liquors on the first day of the week, commonly called Sunday, or in keeping their places of business, commonly called saloons, where intoxicating liquors are kept for sale, open between the hours of 12 o'clock P. M. and 4 o'clock A. M., and that you take immediately such action as may be necessary and proper in the management, control and direction of said police force of the city of Omaha, to detect, or cause to be detected, any and all persons so engaged in the violation of, or so found violating, the laws of the state of Nebraska, or ordinances of the city of Omaha, within the limits of said

city of Omaha, as above specified; and that you Frank E.
Moores, as mayor of the city of Omaha, forthwith instruct
and require the chief of police of the city of Omaha, and
through him the police officers of said city, to arrest, or
cause to be arrested, any and all persons engaged in or
found violating the laws of the state of Nebraska or the
ordinances of the city of Omaha, within said city of Omaha,
by selling or giving away on the first day of the week, com-
monly called Sunday, any malt, spirituous or vinous
liquors, or in keeping open a saloon where intoxicating
liquors are kept for sale, between the hours of 12 o'clock
P. M. and 4 o'clock A. M.; and that you, the said Frank
E. Moores, ex officio chairman of the board of fire and
police commissioners of the city of Omaha, William D.
McHugh, William J. Broatch, Lee W. Spratlen and Joseph
Thomas, members of the board of fire and police commis-
sioners of the city of Omaha, constituting the said board
of fire and police commissioners of said city of Omaha,
are directed to instruct and require the chief of police of
the city of Omaha, and through him the members of the
police force of the city of Omaha, to arrest and take into
custody, or cause to be arrested and taken into custody, all
persons engaged in, or who engage in or are found, vio-
lating the laws of the state of Nebraska or the ordinances
of the city of Omaha, by selling or giving away on the
first day of the week, commonly called Sunday, any malt,
spirituous or vinous liquors, or who keeps any saloon open
between the hours of 12 o'clock P. M. and 4 o'clock A. M.,
where malt, spirituous and vinous liquors are kept for
sale; and that you require the chief of police, and through
him the members of the police force of said city of Omaha,
to be vigilant in the performance of their several duties
with reference to the enforcement of the laws regarding
the violations thereof herein stated, and to taks all steps
necessary to detect any persons so engaged in the viola-
tion of said laws of the state of Nebraska and the ordi-
nances of the said city of Omaha within said city, with
reference to the selling and giving away of intoxicating

liquors on Sunday, and the keeping of such saloons open between the hours of 12 o'clock P. M. and 4 o'clock A. M., or that you, and each of you, appear before the supreme court for the state of Nebraska, on the 5th day of January, 1904, at the hour of 9 o'clock A. M., to show cause why you refuse so to do."

Two of the commissioners before whom the case was argued joined in a recommendation that this court proceed no further in this action. In their memorandum, which was prepared by Mr. Commissioner FAWCETT, Mr. Commissioner DUFFIE concurring, it was said:

"I do not wish to be understood as holding that this court has not original jurisdiction to hear and determine this case, for it is clear that it has such jurisdiction; but it is equally clear that the district court also has jurisdiction in this class of cases," and "if it should be adjudged that the writ issue in this case, and there should occur the numerous violations of its requirements which counsel predict, the district court could deal with such offenders with greater promptness and less expense than would be possible for this court."

It is not necessary to determine whether the facts alleged in the alternative writ are sufficient to enable the relator to maintain the action. A peremptory writ of mandamus will not be issued, except with the view to the enforcement of its mandates, if necessary, by the court from which it is issued. "It must be made to appear that the writ will be effectual as a remedy." *People v. Colorado C. R. Co.,* 42 Fed. 638. The reasons suggested by the commissioners are sufficient to show that it is not the duty of this court to undertake such a task. It is not necessary to support this conclusion by pointing out further reasons, which we think readily suggest themselves from the perusal of the alternative writ. This court has heretofore used its discretion in the matter of exercising its jurisdiction in mandamus cases. *State v. Lincoln Gas Co.,* 38 Neb. 33; *State v. School District,* 38 Neb. 237; *State v. Merrell,* 38 Neb. 510. The reason for refusing

to determine those cases upon their merits was, perhaps, sufficient, considering the burdened condition of the docket of this court then existing. The reasons for declining to undertake the enforcement of the mandates of the alternative writ in this case are more apparent and controlling.

We decline to proceed further in the matter, and the proceedings are therefore dismissed; but without prejudice to future proceedings.

DISMISSED.