THE STATE OF KANSAS, *ex rel. C. C. Coleman, as Attorney-general,* v. ADAM O. WELFELT.

No. 14,851.   (85 Pac. 583.)

PRACTICE, SUPREME COURT — *Proceeding to Forfeit Office of Sheriff.*   An original proceeding to remove a sheriff from office dismissed because the controversy could better be heard in the district court.

Original proceeding in *quo warranto.*   Opinion filed May 12, 1906.   Dismissed.

*C. C. Coleman,* attorney-general, and *Torrance & Bloss,* for The State.

*C. T. Atkinson,* and *G. H. Buckman,* for defendant.

*Per Curiam:* This is an original proceeding brought in this court for the purpose of removing the sheriff of Cowley county from his office for failure properly to perform its duties.   A motion to dismiss is made upon the ground that it might more appropriately be brought in the district court.   The reason given for in-voking the action of this court is that the docket of the district court is so congested that a case begun there could not be finally determined before the expiration of the defendant's term, in January, 1907.   It is ob-vious that no final determination could be had of the

present proceeding before that time unless it should be heard out of its regular order. Time could doubtless be saved, however, by instituting such a proceeding in the court of last resort, and that might ordinarily be a sufficient reason for such course.

But another feature of this case requires consideration. The sheriff is an officer sustaining a relation of peculiar intimacy to the district court. While he has duties to perform unrelated to that tribunal, he is in a general sense one of its officers. Allegations of misconduct with reference to carrying out the mandates of that court (and those here relied on are of that character) can be investigated with a greater assurance of reaching a just result in the county where the acts complained of are alleged to have been committed. The reasons stated in *The State, ex rel., v. Breese,* 15 Kan. 123, and *Supreme Lodge v. Carey,* 57 Kan. 655, 47 Pac. 621, for requiring applications to control the acts of the clerk of the district court to be made first to that court apply with substantially equal force in support of the contention that the same rule should be enforced in the case of a proceeding of this character against the sheriff. The rule of this court requiring the plaintiff bringing original proceedings here to show by affidavit why that course is adopted was not framed upon the theory that the existence of any particular class of reasons is jurisdictional, but with a view to afford an early opportunity in the history of each case for the court to determine whether there is good ground for the discretionary exercise of a conceded jurisdiction. The existence of the jurisdiction does not imply that a litigant has always an absolute and unconditional right to invoke it. (*In re Burnette, ante,* p. 609.) In the present instance the court is of the opinion that the controversy involved is one which can better be heard in the district court, and that the reasons given for a different course are not sufficient to overcome that consideration.

The cause is therefore dismissed.