THE STATE OF KANSAS, *ex rel. C. C. Coleman, as Attorney-general,* v. C. E. WOODBURY.

No. 14,854.   (87 Pac. 701.)

MANDAMUS—*Original Jurisdiction—Supreme Court.* It appearing that the district court for Crawford county had held that the assistant attorney-general for that county had no authority to institute a similar suit, this court in an original proceeding allowed a writ of mandamus directing the clerk of the Crawford county district court to receive and file a petition by such assistant attorney-general to enjoin the maintenance of a liquor nuisance.

Original proceeding in mandamus. Opinion filed November 10, 1906. Peremptory writ allowed.

*C. C. Coleman,* attorney-general, and *F. S. Jackson,* assistant attorney-general, for The State.

*B. S. Gaiteskill, J. J. Campbell,* and *O. T. Boaz,* for defendant.

*Per Curiam:* This is an original proceeding in mandamus, brought by the state of Kansas upon the relation of C. C. Coleman, as attorney-general, asking for an order commanding C. E. Woodbury, clerk of the district court of Crawford county, to file papers in an injunction suit:

The application for the writ states that George H. Stuessi, as assistant attorney-general of Crawford county, on February 17, 1906, presented to C. E. Woodbury, clerk of the district court of Crawford county, his verified petition praying for a permanent injunction against Peter Esch and Herbert Mousney, restraining them from maintaining a place where intoxicating liquors were sold contrary to law, and also a precipe for summons, and his application in proper form for a temporary injunction on behalf of the state of Kansas against Peter Esch and Herbert Mousney, enjoining them from maintaining a place where intoxicating liquors were sold in violation of law during the

pendency of the suit for a permanent injunction; that Stuessi requested C. E. Woodbury, as clerk of the district court of Crawford county, to receive and file the papers and issue a summons to the defendants therein; and that C. E. Woodbury, in violation of his duty as clerk, refused to file the papers and refused to permit the assistant attorney-general for Crawford county to commence such suit and to institute such proceedings.

An alternative writ was allowed, and C. E. Woodbury was commanded to file the papers so presented and issue the summons as prayed for or show cause why he should not comply with such order on or before a day named in the writ. Instead of complying with the order, C. E. Woodbury made a return upon the writ stating the following reasons why he had not so complied: That a similar case had been instituted in the district court of Crawford county by Stuessi, as assistant attorney-general for Crawford county, and upon application made to the district court it had been held that Stuessi, as such assistant attorney-general, had no authority to institute such proceedings, and the cause was dismissed; and that this judgment was not appealed from or reversed. This he concludes is a justification for his refusal. This defense or reason for his non-compliance with the order of this court appears to have been abandoned in this court by his counsel, whose only contention is that this court had no jurisdiction to issue the writ of mandamus.

The contention is that such application must be presented to the district court. This is generally correct, and unless some reason is given why the application has not been made to the district court this court will not act. The return of the defendant to the writ, however, furnished ample reasons why it would have been futile to apply to the judge of the district court. If the facts stated in the return are true, it would have been a useless waste of time and energy to apply to the district court. This is never required. That court

had passed upon the right or authority of the assistant attorney-general to institute such proceedings, and had held that no such authority was vested in him. Under a showing of such facts, this court may act in the first instance. This being the only question presented the peremptory writ is allowed.

It is therefore ordered that C. E. Woodbury, as such clerk, upon presentation, receive and file the petition and precipe for summons, and issue the summons thereunder.