STATE ex rel. DAKOTA CENTRAL TELEPHONE CO. et al. v. CITY OF HURON et al.

An order granting a temporary injunction will not be reversed by the Supreme Court in the absence of manifest abuse of discretion in granting it.

The Supreme Court will exercise its original constitutional jurisdiction by means of prerogative or remedial writs to enforce a private or local right only to prevent injustice and irreparable injury where an appeal would not afford adequate remedy, and the circumstances require immediate relief.

Relator telephone company procured a decree in the federal courts enjoining defendant city from enforcing an ordinance requiring it to vacate the city streets, and from interfering with its telephone poles, etc., therein, and the city thereafter authorized certain persons to maintain another telephone exchange in the city and procured an order from a state circuit court enjoining relator from erecting any poles, etc., in the streets or extending its lines. Relator petitioned for mandamus in the Supreme Court to compel the city to dismiss its suit in the circuit court, and adopt reasonable regulations permitting the construction of extensions, etc., of its lines. Held that, if the injunction of the state court violated the federal decree, relator had an adequate remedy by applying to the federal court, and in view of the fact that its property would not be destroyed pending the suit in the state court, and that it is not required to remove its lines or prevented from maintaining its present service, the writ would not issue under the original jurisdiction of the Supreme Court; the rights involved being private and local, and relator having an adequate remedy by appeal from the injunction order.

(Opinion filed, May 1, 1909.)

Original application for mandamus by the State, on the relation of the Dakota Central Telephone Company and another, against the City of Huron, and the Mayor and City Council thereof. Application denied, and proceeding dismissed.

*T. H. Null* and *W. A. Lynch,* for plaintiff. *Gardner, Fairbank & Churchill,* for defendants.

HANEY, P. J. It appears from the application in this original special proceeding that in 1898 the defendant city by ordinance granted to one J. W. L. Zietlow, his successors and assigns, the right to construct and maintain through and upon its streets, alleys, and public grounds all poles, posts, and appliances necessary and proper for supplying to its citizens communication by telephone, subject to the conditions expressed therein, the right thus granted being expressly limited to a term of 10 years from and after the passage of the ordinance; that thereafter, and in 1898, Zietlow constructed and installed a telephone exchange in the defendant city, and connected the same with certain long distance lines; that the relator, the Dakota Central Telephone Company,

is a corporation created by and existing under the laws of this state, authorized to purchase, construct, and operate telephone lines and exchanges herein; that it is the successor by purchase of Zietlow's rights in and to the Huron exchange; that, though the city has not established by ordinance or resolution any regulations regarding the streets and alleys to be used by the telephone company, an understanding existed between the company and the city as to the manner of placing poles and other appliances under which the company's lines were greatly extended, its exchange enlarged, and connected by long distance lines with nearly all the cities and towns in the state east of the Missouri river; that in June, 1907, the city council adopted a resolution to the effect that "the franchise" of the telephone company would expire March 11, 1908; that no "franchise" for the purpose of operating a telephone service in the city would be granted to any company not controlled by its own citizens and that a copy of such resolution be sent to Zietlow; that on January 24, 1908, the city council adopted another resolution to the effect that "the franchise" held by Zietlow would expire March 11, 1908; that the telephone company be required to vacate the streets and alleys of the defendant city upon the expiration of such "franchise," and that Zietlow and the telephone company be notified of its adoption; that since the adoption of this resolution the city has not permitted the telephone company to erect any new poles or to in any manner extend its lines, notwithstanding numerous new residences have been erected and numerous demands made upon the company to furnish telephone service; that recently the telephone company instituted a suit in the United States court against the city, which resulted in a decree adjudging the resolution adopted January 24, 1908, to be void and without authority of law and perpetually enjoining the city, its officers, agents, and employes from in any manner enforcing or attempting to enforce such resolution, and perpetually enjoining the city, its officers, agents, and employes from in "any manner, other than by exercise of lawful police power, cutting down, removing, destroying, impairing, damaging or interfering with the plaintiffs' telephone poles, lines, wires, and telephone exchange situate and existing within said city of Huron"; that the tele-

phone company, relying upon this decree, after notice to the city. on March 10, 1909, erected some additional poles on lines theretofore established conforming as to the place and manner of erecting the same to the understanding heretofore mentioned; that thereupon the city applied to and obtained from the circuit court within and for Beadle county an order restraining the telephone company from erecting any poles or stringing any wires upon any of the streets, alleys, or public grounds of the city, or from in any way extending or adding to its present telephone system; that the suit thus instituted is still pending, and during its pendency the restraining order will continue in force; that the telephone company applied to the circuit court to so modify such restraining order as to only forbid the erecting of new lines or extensions, but such relief was denied; that in granting the restraining order the amount of the undertaking was fixed at $1,-000, which is wholly inadequate to compensate the company for the injury which will result from such order; that the property owned by the telephone company in the defendant city is of the reasonable value of $50,000; and that about December 11, 1908, an ordinance was adopted authorizing certain citizens of the defendant city to construct, maintain, and operate a second telephone exchange therein. It also is alleged in the application that the restraining order is not appealable; that it is in contempt of the federal court; that, if it remains in force pending the litigation, the telephone company will suffer irreparable injury; and that the company is without remedy except it be through an exercise of the original jurisdiction of this court. The relief sought is a writ of mandamus commanding the city to dismiss its suit in the circuit court, and to adopt reasonable rules and regulations governing the construction of new lines and extensions. In response to an order to show cause why such a writ should not issue, defendants appeared and interposed the following among other objections to the application: "That it appears from the affidavits and showing herein that there are no sufficient grounds alleged for calling into exercise the original jurisdiction of this court, and no sufficient reason why the application was not made to the circuit court or judge of Beadle county, S. D."

The objection should be sustained.  If the action in the circuit court involves any violation of the federal decree, the telephone company would, we apprehend, be afforded an ample remedy by applying to the latter tribunal.  The restraining order issued by the circuit court was appealable, though not reversible, in the absence of manifest abuse of discretion.  Rev. Code Civ. Proc. § 462; Bank v. Bliss, 10 S. D. 178, 72 N. W. 406; Dickson v. Dows, 11 N. D. 407, 92 N. W. 798.  Though this court may control and correct the decision of inferior courts by means of the various prerogative and remedial writs authorized by the Constitution to prevent injustice and irreparable injury, when the circumstances demand an immediate review, the case is urgent, and an appeal would not afford an adequate remedy, it will exercise its original jurisdiction to enforce a private or local right only in exceptional cases. Everitt v. Board, 1 S. D. 365, 47 N. W. 296; City of Huron v. Campbell, 3 S. D. 309, 53 N. W. 182; Vine v. Jones, 13 S. D. 54, 82 N. W. 82.  The rights involved in this instance are private and local, notwithstanding the citizens of the state generally may have an interest in the proper management of a telephone exchange in Huron.  It is wholly immaterial to the public whether such exchange be owned by the Dakota Central Telephone Company or controlled by citizens of Huron.  Manifestly nothing would be secured by this original proceeding beyond a more speedy determination of some features of the controversy than would result in the usual and ordinary course of procedure.  The telephone company's property will not be destroyed during the pendency of the action in the circuit court; the company will not be compelled to remove its appliances; it will not be prevented from serving its present patrons.  There is, therefore, no reason why it should not abide the judgment of the circuit court or present the cause to this court by appeal.  It is not a case in which the original jurisdiction of this court should be invoked.

For this reason alone the application is denied, and the proceeding dismissed.