## STATE ex rel. FREELING, Atty. Gen., v. McCULLOUGH, Sheriff.

No. 9277—Opinion Filed Oct. 9, 1917.

(168 Pac. 413.)

### Courts—Supreme Court — Allegation of Jurisdiction—Rule of Court.

Where the Attorney General, in an original proceeding in this court fails to observe rule 15 (47 Okla. viii. 165 Pac. viii), the same will be dismissed.

Original action by the State, on relation of S. P. Freeling, Attorney General, for the removal of W. M. McCullough from his office as sheriff of Tulsa County. Dismissed.

S. P. Freeling, Atty. Gen., for plaintiff.

Biddison & Campbell, for defendant.

TURNER, J. On July 5, 1917, the Attorney General filed in this court a petition to oust from office W. M. McCullough, who he alleges, is, and since January 4, 1917, has been, the duly elected, qualified, and acting sheriff of Tulsa county, and as such charged with the duty of diligently and faithfully enforcing all the laws of the state, including the prohibitory law contained in Rev. Laws 1910, art. 3, c. 39, Sess. Laws 1911, c. 70, and Sess. Laws 1913, c. 26, and whom he charges with willful failure and neglect so to do. He further alleges that he has within his county also willfully failed and neglected to enforce the laws against gaming contained in Rev. Laws 1910, art. 40, c. 23, as amended by chapter 128, Sess. Laws 1913. He prays, not only that he be removed from office, but that he be suspended from the functions thereof pending judgment. After service of summons came defendant and objected to the jurisdiction of this court because, he says:

"There is no compliance or attempt at compliance with the provisions of rule 15 of this court (47 Okla. viii, 165 Pac. viii), as revised and amended June 11, 1917, in that there is no reason given why the action or proceeding is brought in this court, instead of one of the inferior courts having concurrent jurisdiction."

—and, further, that the questions involved are not publici juris.

The act provides:

"Section 1. All state officers not subject to impeachment under section 1, article 8, of the Constitution, and all county, city and municipal officers may, in addition to the methods now and causes provided by law be removed from office as herein provided.

"Sec. 2. The Supreme Court shall have and is hereby given, concurrent with the district court, original jurisdiction of all special proceedings and actions authorized as provided for by this act, and either said Supreme Court or any district court wherein the petition shall be filed by the Attorney General, as hereinafter provided, shall take full and complete original jurisdiction." Sess. Laws 1917, c. 205, p. 379.

The Attorney General makes no showing, by affidavit or otherwise, why this proceeding is brought in this court, instead of the district court of Tulsa county. Rule 15 of this court reads:

"In all original actions or proceedings instituted in this court, it shall be necessary for the plaintiff or applicant for the writ to state fully, by affidavit, the reasons why the action or proceeding is brought in this court instead of in one of inferior courts having concurrent jurisdiction."

But, says the Attorney General, this rule has no application to him in this case, because, he says, his right under section 2 of the act to file this suit in either this or the district court cannot be diminished or taken away by the rule. He further says, in effect, that when the statute says that "either the Supreme Court or any district court wherein the petition shall be filed, * * * as hereinafter provided, shall take full and complete original jurisdiction," it means that the right to file the petition in this court and to have the jurisdiction of this court attach is absolute, and not conditional upon making the showing prescribed by the rule. We cannot see wherein the rule cuts down the right given the Attorney General to file the petition in this court, any more than we can see how a rule requiring him to first wipe his feet on the mat would curtail his right to enter the house; both regulate only the use of the right.

But this point is ruled by State ex rel. West, Atty. Gen., v. Cobb, County Judge, 24 Okla. 662, 104 Pac. 361, 24 L. R. A. (N. S.) 639. That was an original action in the nature of quo warranto, brought on relation of the Attorney General to oust the respondent from the office of county judge. A return to the citation to show cause disclosed that the Attorney General had failed to comply with the rule invoked, passing upon which the court said:

"The Attorney General contends that he has the right to select this forum, independent of this rule, because of the fact that jurisdiction of this particular proceeding has been vested herein. The Constitution of the state of Wisconsin contains a provision with reference to actions of this character similar to our own. Its Supreme Court likewise had a rule to the same effect. The rule adopted by that court in reference to its jurisdiction was followed by this court in the case of Homesteaders v. McCombs, 24 Okla. 201, 103 Pac. 691, [38 L. R. A. (N. S.) 1,000, 20 Ann. Cas. 181]. That court, in the case of State v. St. Croix Boom Corporation et al., 60 Wis. 565, 19 N. W. 396, held that: 'When the original jurisdiction of the Supreme Court is invoked, leave to proceed must, in all cases, be first obtained from the court itself, upon a prima facie showing that the cause is a proper one for its cognizance.'"

After which the court held that the rule had been complied with, but dismissed the case on other grounds. But in Smith v. Hall, 28 Okla. 435, 114 Pac. 608, the court dismissed the case upon the precise point raised here. We quote the whole opinion:

"This is an original action filed in this court by relator who is contesting the right of respondent to the office of county judge of Delaware county. A motion has been lodged seeking the dismissal of the action, because the same does not involve matters publici juris and is brought by a private relator, and that no showing has been made that the relief demanded could not be adequately secured by bringing the action in the district court of the district in which this county lies. On the authority of Homesteaders v. McCombs, 24 Okla. 201, 103 Pac. 691 [38 L. R. A. (N. S.) 1000, 20 Ann. Cas. 181], and State ex rel. v. Cobb, County Judge, 24 Okla. 662, 104 Pac. 361, 24 L. R. A. (N. S.) 639, the motion of counsel for respondent must be sustained, and the action is accordingly dismissed."

In State ex rel. Lowe v. Pruett, District Clerk, 43 Okla. 766, 144 Pac. 365, relator sought to compel by mandamus the performance of a certain act. One point raised was that mandamus would not lie, because the question involved was not publici juris. The contention was sustained, and the court held that it had no jurisdiction to entertain the proceeding. The court, however, added:

"* * * Even if this court had jurisdiction, except for special reason shown, we would exercise our judicial discretion, and remit the parties to the district court. For the reasons assigned, the writ is denied, and the petition dismissed."

But, aside from this and independent of any rule of court, the law is that where, as here, a court of last resort and inferior courts have concurrent jurisdiction to grant an original application of any kind, the same should be first made to the inferior court, unless a good and sufficient showing is made, and reasons given for invoking the jurisdiction of the court of last resort. In a valuable note to the Homesteaders Case, supra, the learned author in 20 Ann. Cas. 187, states:

"It is the general rule that, where the court of last resort and inferior courts have concurrent jurisdiction to grant an original application for mandamus, the application should first be made in the inferior courts, unless a good and sufficient reason is given for applying in the first instance to the court of last resort. People v. Kern County, 47 Cal. 205; Snow v. Stanislaus County (Cal.) 6 Pac. 90; Wright v. Kelley, 4 Idaho, 624, 43 Pac. 565; State v. Breese, 15 Kan. 123; In re Burnette, 73 Kan. 608, 85 Pac. 575; State v. Woodbury, 74 Kan. 877, 87 Pac. 701; Lyle v. Sherman, 147 Mich. 424, 110 N. W. 932; Mitchell v. Bay Probate Judge, 155 Mich. 550, 119 N. W. 916, 16 Detroit Leg. N. 2; State v. Barrett, 25 Mont. 112, 63 Pac. 1030; State v. Williams, 26 Ohio St. 170; In re Ringrose, 9 S. D. 349, 69 N. W. 584; State v. Huron, 23 S. D. 153, 120 N. W. 1008; State v. Haben, 22 Wis. 101; State v. Fairchild, 22 Wis. 111. And it is within the discretion of the court of last resort whether it will take jurisdiction in a particular case. People v. Chicago, 193 Ill. 507, 62 N. E. 179, 58 L. R. A. 833; People v. Board of Education, 197 Ill. 43, 63 N. E. 1033; State v. Breese, 15 Kan. 123; State v. Moores, 72 Neb. 5, 99 N. W. 842; State v. Nelson County, 1 N. D. 88, 45 N. W. 33, 8 L. R. A. 283, 26 Am. St. Rep. 609; State v. Lavik, 9 N. D. 461, 83 N. W. 914."

And it might be well to say in this connection that, in all original proceedings in this court, where the district courts have concurrent jurisdiction with this court, we shall decline to take original jurisdiction, unless the plaintiff or applicant makes the showing required by rule 15 and shows special reasons why we should do so; this for the reason given by all the courts and so well stated by the Supreme Court of Arizona in State ex rel. Bullard, Atty. Gen., v. Jones, 15 Ariz. 215, 137 Pac. 544. There the court said:

"While by the Constitution the Supreme Court is given original jurisdiction in certain named cases, it is essentially an appellate court, a court of last resort and not of first resort. That the superior courts have been given concurrent jurisdiction in all these matters (except the one case mentioned above) is very persuasive that its

purpose in so doing was to afford the litigant an opportunity to bring his action first in a court essentially one of original jurisdiction, where provision is made by law for a full and complete trial, where a jury may be had, if demanded, and issues tried upon oral testimony—a court in the immediate vicinage of the litigants fully equipped for a complete exercise of its jurisdiction. The justice and propriety of such an arrangement is recognized by all of the Constitutions of the Union; the theory and practice being that a litigant, dissatisfied with the action of the court of first instance, may appeal to the Supreme Court, 'a court disassociated from all connection with the actual trial, and having the time, means, and opportunity for mature consideration of the same.' "

As the Attorney General, by failing to make the showing required by the rule, cannot cut us off from exercising our discretion, this cause is dismissed.

All the Justices concur, except MILEY, J., not participating.