IN RE HARTUNG.

*December 20, 1897.*

*Supreme court: Original jurisdiction: Enjoining public nuisance.*

A mere public nuisance, even though an aggravated one, does not affect the sovereignty, franchises, or prerogatives of the state, or the liberties of its people, so as to warrant the supreme court in entertaining an original action for an injunction.

APPLICATION for leave to bring an action in the name of the state: *Application denied.*

*N. S. Murphey,* for the motion.

*C. H. Hamilton, contra.*

The application was denied December 20, 1897, and the following opinion was filed January 11, 1898:

WINSLOW, J.     This is an application for leave to bring an original action in this court in the name of the state for the purpose of obtaining a perpetual injunction.    The application was first made to the attorney general, and, upon his refusal, to this court.

The petitioner is the chairman of the town board of the town of Wauwatosa, and his proposed complaint and accompanying affidavits tend to show that the city of *Milwaukee* is depositing its garbage to the amount of many loads daily upon the surface of certain parcels of land in the town of Wauwatosa, and leaving the same uncovered, and that the same constitutes a great and intolerable nuisance and, menace to the health of the people of the neighborhood, and that the city threatens and intends to continue making such deposits; and, further, that there is no adequate remedy by private action, because the city threatens that, if enjoined from depositing the same in one locality, it will deposit the same upon other parcels of land in the town with whose

owners it has made contracts for that purpose. Notice of the application was given to the city attorney of *Milwaukee*, and upon the hearing the motion was denied, for reasons now to be briefly given.

The limits of the jurisdiction of this court to entertain an original action for an injunction are well defined, and have been defined ever since the exhaustive discussions of the question by Chief Justice RYAN in the cases of *Attorney General v. Railway Cos.* 35 Wis. 425, and *Attorney General v. Eau Claire*, 37 Wis. 400–442. In the latter case it was said that, to put in motion the original jurisdiction of this court, the question should be one "affecting the sovereignty of the state, its franchises or prerogatives, or the liberties of its people." A mere public nuisance, even though an aggravated one, cannot reasonably be said to affect the sovereignty, franchises, or prerogatives of the state, or the liberties of its people. *State v. St. Croix Boom Corp.* 60 Wis. 565. The courts of original jurisdiction are open for the redress of such wrongs, and the prevention of them when threatened, and it must be presumed that the remedies so afforded are ample.