In re Town of Holland and another.

*May 15 — June 21, 1900.*

*Supreme court: Original jurisdiction: Villages: Validity of incorporation.*

An application to test the validity of the incorporation of a village, based on objections that the territory incorporated did not contain the requisite population per square mile, and that a majority of the ballots cast by the electors was not in favor of the incorporation, does not state facts of such wide and public concern as to warrant the exercise of the original jurisdiction of the supreme court.

APPLICATION for leave to bring an action in the name of the state. *Denied.*

*W. H. Timlin*, for the motion. [No brief on file.]

*Simon Gillen*, contra.

Per Curiam. The town of *Holland*, in Sheboygan county, and *C. J. Huenink*, a taxpayer of said town, ask leave to begin and prosecute an action in this court to test the validity of the organization and incorporation of the village of 'Cedar Grove. The attorney general was requested to bring such an action, but, after a hearing, declined so to do.

It appears from the petition that the village of Cedar Grove consisted of a tract of land in the town of *Holland* containing two square miles, all in Sheboygan county, and was incorporated by an order of the circuit court on November 14, 1899. The validity of such incorporation is attacked on the ground that the territory incorporated did not contain the requisite population per square mile, and that a majority of the ballots cast at the meeting of the electors to determine upon incorporation was not in favor of the proposition. The officers of the village who appear to oppose this application insist that the facts set forth in the petition are not sufficient to warrant the exercise of the original jurisdiction of this court.

In *Att'y Gen. v. Railroad Cos.* 35 Wis. 425, this court announced the rule that, in all cases in which the exercise of the original jurisdiction of this court is sought, leave must be obtained of the court upon a *prima facie* showing that the case is a proper one for its cognizance. In a later consideration of the same question the conclusion arrived at was that it was not enough to put in motion the original jurisdiction of this court that the question was *publici juris*, but it should also be one "affecting the sovereignty of the state, its franchises or prerogatives, or the liberties of its people," and one, also, in which the interest of the state is primary and proximate, not secondary or remote. *Att'y Gen. v. Eau Claire*, 37 Wis. 400. The rules so established have been frequently reiterated, and the limits under which the original jurisdiction of this court will be exercised so carefully defined that nothing new can be said on the ques-

tion. *State ex rel. Wood v. Baker*, 38 Wis. 71; *State ex rel. Att'y Gen. v. M., L. S. & W. R. Co.* 45 Wis. 579; *State v. St. Croix B. Corp.* 60 Wis. 565; *State ex rel. Radl v. Shaughnessey*, 86 Wis. 646; *In re Hartung*, 98 Wis. 140.

The petition here presented fails to disclose facts of such wide concern as to come within the rules stated. The grievance complained of is merely local, and the circuit court has ample jurisdiction to hear and determine the controversy.

The application is denied.