DUDLEY v. DAKOTA HOT SPRINGS COMPANY *et al.* (PHILLIPS, Intervener).

Under Comp. Laws, § 5015, providing that a receiver may be appointed only in cases where a corporation has been dissolved, or is insolvent, or is in

imminent danger of insolvency, or has forfeited its corporate rights, and Section 5346, providing that every action to enforce the dissolution of a corporation must be brought by the state's attorney in the name of the state, a corporation cannot be dissolved, and placed in the hands of a receiver, on complaint of a stockholder alleging that the corporation owns property greatly in excess of its liabilities, and which the managing officers and principal shareholders are sacrificing by fraud and mismanagement.

(Opinion filed June 26, 1899.)

Appeal from circuit court, Fall River county. Hon. WILLIAM GARDNER, Judge.

Action by Erwin G. Dudley against the Dakota Hot Springs Company and others for an accounting and a dissolution of the corporation and appointment of a receiver. William P. Phillips intervenes. There was a judgment for plaintiff, and certain defendants appeal. Modified.

The facts are stated in the opinion.

*Charles W. Brown, Steele & Dwinnell,* and *Fowler, Cull & Whitfield,* for appellants.

The trial court had no power to appoint a receiver and thereby dissolve the corporation. Thompson on Corp. § 6823; Angell & Ames on Corp. § 777; State v. Bloom, 5 Johns. Cham. 381; Neall v. Hill, 16 Cal. 150; Verplank v. Merchants' Ins. Co., 2 Paige 452; Bank v. Bank of Buffalo, 6 Paige 503; Bayles v. Orne, 1 Freem. (Miss.) 172; Waterly v. Merchants' U. Ex. Co., 50 Barb. 167; Robertson v. Bullion, 11 N. Y. 252; French v. Gifford, 30 Iowa 153; State v. Ins. Company, 8 Humph. 252; Backus v. Baker, 32 Ill. 101; Howe v. Deuel, 43 Barb. 504; Belmont v. Erie R. R. Co., 52 Barb. 665; Fontain v. Turnpike Co., 8 B. Mon. 142; Van Pelt v. Metallic Spring Co., 13 Abb. H. U. S. 331; Attorney General v. Bank, Har. Ch. (Mich.) 315; High

on Receivers, Sections 287, 288; French Bank Case, 53 Cal. 546; Bateman v. Superior Court, 54 Cal. 285; State v. Investment Co., 63 N. W. 232; Havemeyer *et al.* v. Superior Court, 84 Cal 327; Fisher v. Superior Court, 42 Pac. 561.

No appearance or briefs filed for respondent.

Fuller, J.   In conformity with the complaint of a stockholder on his own behalf, "and all others similarly situated," alleging that the defendant corporation owns property, the value of which is greatly in excess of its liabilities, and which the managing officers and principal shareholders, made defendants herein, are sacrificing by fraud and mismanagement, the court entered judgment; upon a referee's findings of fact and conclusions of law, decreeing that such officers be removed, the corporation dissolved, and a receiver appointed to wind up its corporate affairs.   This appeal is by the defendants, and the power of the court to thus consummate the dissolution of a corporation is the only point requiring notice.   At common law, a corporation was dissolved only by the death of all its members; the legislative enactment; by a surrender of its charter, accepted by the government; or by forfeiture of its franchise, effected by the judgment of a competent tribunal on a direct proceeding in the name and on behalf of the state; and at the suit of a private person no court had jurisdiction in the premises.   Upon the theory of a contract between the state and the corporators, Chancellor Kent says:   "There are two modes of proceeding judicially to ascertain and enforce the forfeiture of a charter for default or abuse of power.   The one is by *scire facias*, and that process is proper where there is a legal existing body, capable of acting, but who have abused their power.

The other mode is by information in the nature of a *quo warranto*, which is in form a criminal, and in its nature a civil, remedy; and that proceeding applies where there is a body corporate *de facto only*, but who take upon themselves to act, though, from some defect in their constitution, they cannot legally exercise their powers. Both these modes of proceeding against corporations are at the instance and on behalf of the government. The state must be a party to the prosecution, for the judgment is that the parties must be ousted, and the franchises seized into the hands of the government. * * * A court of chancery never deals with the question of forfeiture. It may hold trustees of a corporation accountable for abuse of trust, but the court cannot, without special statute authority, divest corporations of their corporate character and capacity." 2 Kent, Comm. p. 427. It is the settled doctrine that, at the suit of a stockholder, corporate officials cannot be removed, nor a receiver be appointed, nor the existence of a corporation be in any manner terminated, by a court of law or equity, in the absence of express statutory authorization. Folger v. Insurance Co., 99 Mass. 267; French Bank Case, 53 Cal. 495; Hinckley v. Pfister, 83 Wis. 64, 53 N. W. 21; Mine Co. v. Brown, 58 Fed. 644; French v. Gifford, 30 Iowa, 148; Neal v. Hill, 16 Cal. 146; Smith, Rec. par. 220; 2 Spell. Priv. Corp. par. 842; Howe v. Deuel, 43 Barb. 504; Verplanck v. Insurance Co., 2 Paige, 438; Waterbury v. Express Co., 50 Barb. 157.

It therefore becomes necessary to examine the statute in order to ascertain whether the circuit court had any authority to render the judgment appealed from. Under Comp. Laws, § 5015, a receiver may be appointed only "in cases where a corporation has been dissolved, or is insolvent, or is in imminent

danger of insolvency, or has forfeited its corporate rights." In this case, no such claim is made, and, moreover, it is expressly provided that every action to enforce the dissolution of a corporation must be brought by the state's attorney in the name of the state, on leave of court first obtained. Id. § 5346. Most forcefully does a consideration of the relation that persons both natural and artificial, bear to the state, suggest that the remedy, under the general power of an individual to maintain an action in a court of law or equity against either, extends not to dissolution or extinction of that tenacious principle called "vitality." and it was erroneous to appoint a receiver and dissolve the corporation. Consequently the only issues presented by the pleadings, and properly triable in this action, were such as relate to an accounting between the corporation and its president, Fred T. Evans, Sr., concerning which the referee found with great particularity, and upon which the court rendered judgment in favor of said Evans, and against the corporation, for $47,209.29, and, as we view the record, that part of the decree ought not to be disturbed. The case of Loftus v. Association, 8 S. D. 201, 65 N. W. 1076, is a decision to the effect that a stockholder may, under conditions here disclosed, maintain an action for an accounting against the corporation and its controlling officers, without alleging or proving any previous demand upon such managing body to institute a suit in the name of the corporation to protect his corporate interests and the rights of others similarly situated. Affirming, therefore, the result of the accounting including the finding in favor of Fred T. Evans, Sr., and disaffirming all that relates to the appointment of a receiver and the dissolution of the corporation, we remand the case for further proceedings in accordance with

this conclusion, and the judgment of the trial court, thus modified, is affirmed, with costs to be taxed against the corporation.