DUDLEY *et al.* v. DAKOTA HOT SPRINGS CO. *et al.*

(Opinion filed June 26, 1899.)

Appeal from circuit court, Fall River county.    Hon. WILLIAM GARDNER, Judge.

Action by Erwin G. Dudley and another against the Dakota Hot Springs Company and others.    From an order appointing a receiver, defendants appealed.    Reversed.

*Steele & Dwinnell, Fowler, Cull & Whitfield,* for appellants.
No appearance for respondents.

HANEY, J.    This action was instituted, by a stockholder of a private corporation for profit, to require the officers of such corporation to make a just and true account as to all of its business affairs, to restrain such officers from selling or incumbering its property, to have a receiver, appointed to take charge of all its property, and to have the corporation dissolved.    The administrator of a deceased stockholder, seeking the same relief, was permitted to intervene.    Answers were served by the defendants, and upon the issues thus joined the cause was referred.    Upon the coming in of the referee's report and decision. the court made an order appointing a receiver of all the property of the defendant corporation, both real and personal.    After reciting the proceedings substantially as heretofore stated, the order concludes as follows:  "And whereas

said receiver has, upon this 9th day of February, 1897, filed with the court his bond as such receiver in the sum of $10,000, as ordered by the court, which bond has been, and is hereby, approved and accepted by the court, said receiver is therefore hereby authorized, directed, and empowered to take immediate possession of all and singular the property above described, and to continue the business of said company under the order and directions of this court; and each and every one of the officers, directors, agents, and employes of the Dakota Hot Springs Company are hereby required and commanded forthwith, upon the demand of said receiver, to turn over and deliver to said receiver any and all books, papers, moneys, contracts, accounts, mortgages, or deeds, or other property, real or personal, or vouchers for property, in their possession or under their control, belonging to said company, and particularly to forthwith deliver possession to said receiver of the various bathhouses and hotels, together with all the furniture and equipments thereof, belonging to said company, Said receiver is hereby authorized to institute and prosecute all such suits as he may deem necessary, and to defend all such actions instituted against him as such receiver, and also to appear in and conduct the prosecution or defense to any suits against said company. All officers, directors, agents, and employes of said Dakota Hot Springs Company are hereby enjoined from interfering with or disposing of said property of said Dakota Hot Springs Company in any way, except to transfer and turn over the same to said receiver." From this order an appeal was taken by the corporation and certain other defendants. Before this appeal was determined, another was taken from a final judgment in the same action, and both have been consid

ered together.    It follows, from the reasons given in the decision upon the second appeal, that the circuit court erred in appointing a receiver with the powers conferred by the foregoing order.    Dudley v. Hot Springs Co., 11 S. D. 559, 79 N. W. 839. The order is reversed.    As Dudley, in the prosecution of this action, was acting for the corporation and his co-stockholders, we deem it proper that the corporation should be responsible for the costs of this appeal.    It is so ordered.