GATES v. McGEE, *Circuit Judge, et al.*

1. Where defendant demurred to an application for an alternative writ of prohibition for insufficiency of facts, and no objection was made to the return, the court will consider the matter as an application, on notice, for a peremtory writ of prohibition, to which defendant has answered without raising an issue of fact, and will, therefore regard the facts disclosed in the application as true.

2. Under Comp. Laws, § 5015, providing that a receiver may be appointed for an insolvent corporation, the circuit court has jurisdiction to appoint a receiver for a corporation on the complaint of a stockholder alleging the insolvency of the corporation, where the court finds that the corporation is in fact insolvent.

3. Where a circuit court has appointed a receiver of a corporation at the suit of one stockholder on the ground of its insolvency, another circuit court cannot, pending the receivership, on the complaint of another stockholder and judgment creditor alleging fraud in the first proceedings, enjoin the receiver from performing his duties, and appoint another person as receiver, the latter action not being one to vacate a fraudulent final judgment, but being an attempt to stay pending proceedings, and hence contrary to Comp. Laws § 4650, prohibiting the granting of an injunction to stay a pending judicial proceeding.

4. Where the circuit court which appointed a receiver of an insolvent corporation may remove him if he is unfit, and appoint a proper person, where the judgment providing for the appointment of a receiver may be vacated by the court which made it upon a showing that it was fraudulently procured, and where the judgment appointing the receiver may be modified, upon a proper showing by the court which made it, no reason exists for another circuit court exercising jurisdiction for the correction of such matters.

5. Under Comp. Laws, § 5531, providing that the supreme court may issue a writ of prohibition to an inferior court where there is no adequate remedy in the ordinary course of law, the court will issue a writ of prohibition to a circuit court which, pending a receivership of a corporation, has assumed jurisdiction of an action against the receiver

lawfully appointed by another court, and has enjoined the receiver from acting as such, and has appointed another person as receiver, when it appears that appeals from such orders will cause such delay as may lead to the loss of corporate property.

6. Where the receiver appointed by a circuit court in an action for a receivership of an insolvent corporation did not, by answering to the merits, waive 'his right to appeal from an order overruling his demurrer to a complaint in an action brought against him in another circuit court to enjoin him from acting as receiver, nor to appeal from the order denying a motion to dissolve the temporary injunction restraining him from acting as receiver, he did not waive his right to have such ruling corrected by a writ of prohibition.

7. Where a circuit court, after another circuit court has appointed a receiver of a corporation at the suit of a stockholder on the ground of its insolvency, takes jurisdiction pending the receivership of an action against the corporation and receiver on complaint of another stockholder and creditor alleging fraud in the former proceedings, and enjoins the receiver from acting as such, and appoints another person as receiver, where the delay caused by taking an appeal from the orders therein made may lead to the loss 'of corporate property, a case arises for the exercise by the supreme court of its constitutional power to control decisions of inferior courts by means of prerogative and remedial writs.

(Opinion filed November 20, 1901.)

Original application for a writ of prohibition by the state, on the relation of H. N. Gates against Levi McGee, judge of the circuit court, and another. Granted.

*Bailey & Voorhees* and *Charles W. Brown,* for plaintiff.

Where a court has obtained jurisdiction over the subject matter of any action it should be allowed to retain jurisdiction and its jurisdiction should not be interfered with by any court of concurrent jurisdiction. Gould v. Hayes, 19 Ala 438; State v. Devers, 34 Ark. 188; Louden Irrigating Canal Co. v. Handy Ditch Co., 22 Col. 102; Beeson v. Elliott, 1 Del. Ch. 368; Beatty v. Ross, 1 Fla. 198; Har-

deman v. Battersvy, 53 Ga. 36; Ross v. Buchanan, 13 Ill., 55; Tailor v. City of Fort Wayne, 47 Ind. 274; Hawes v. Orr, 73 Ky. 431; Pontz v. Vistes, 15 La. Ann. 636; Cole v. Fliteraft, 47 Md. 312; Hogan v. Wayne Circuit Judge, 166 Mich. 254; Martin v. O'Brien, 34 Miss, 21; Schuehle v. Reiman, 86 N. Y. 270; Haywood v. Haywood, 79 N. C. 42; Pugh v. Brown, 19 O. 202; Cleveland v. Erie, 1 Grant Cas. 212; Chapin v. James, 12 R. I. 86; Shaw v. Barksdale, 25 S. C. 204; Thompson v. Hill, 11 Tenn. 167; Burdett v. State, 9 Texas 43; Bank v. Rupland R. R. Co., 28 Vt. 470; North-western Iron Co. v. Lehigh Coal & Iron Co., 92 Wis. 487.

When one court has acquired jurisdiction over property, such property is in custodia legis, and another court of concurrent jurisdiction will not by its processes or otherwise undertake to dispossess the first court of its officers: Newman v. ——, 156 Ill. 530; Stemmons v. King, 8 B. Monroe, 559; Metzner v. Graham, 57 Mo. 404; Day v. Combton, 37 N. J. Law 514; Southern v. Fisher, 6 S. C. 345; Booner v. Herne, 75 Texas 242.

There is no force in the argument advanced by defendants that by appearing in the Custer county case jurisdiction has been vested in that court and that after answering upon the merits the relator cannot ask for a writ of prohibition. It is settled that no writ of prohibition will be granted until after exception has been taken to the jurisdiction of the lower court and overruled. This is upon the ground that it is to be presumed that courts will give to parties a relief to which they show themselves to be entitled. It is, consequently, necessary that the matter be brought to the attention of the court before a superior court will grant a writ of prohibition. 16 Enc. of Plead. and Prac. 1110; Ex Parte Walker, 25 Ala. 81; Russell v. Jacoway, 33 Ark. 191; Green v. Superior court, 78 Cal. 556; People vs. Superior Court, 100 Cal. 105; Kilburn v. Law, 111 Cal.

237; Leonard v. Bartels, 4 Colo. 95; Hart v. Tyler, 61 Ga. 156; People v. Circuit Court, 173 Ill. 272; Conn. River R. R. Co. v. Franklin County, 127 Mass. 50; Speed v. Detroit, 98 Mich. 360; Applo v. People, 20 N. Y. 531; State v. Fickling, 10 S. C. 301; Burlington v. Burlington Traction Co., 70 Vt. 491; Eastman v. Holt, 43 W. Va. 599.

*Scharader & Lewis* and *Ivan W. Goodner*, for defendants.

The judgment of the circuit court of Minnehaha county was void, because that court had no jurisdiction to appoint a receiver of a corporation nor to dissolve the corporation at the suit of a stockholder. Dudley v. Hot Springs, 11 S. D. 559.

The proceedings and judgment in the circuit court of Minnehaha county clearly show a collusive intent to defeat the judgment obtained in Pennington county; and "the collusive judgment is open to attack whenever and wherever it may come in conflict with the rights or the interests of third persons; and fraud is not a thing that can stand, even when robed in a judgment." Atlas Bank v. Moore, (Ill.) 39 N. E. 684; Sec. 4656, Compiled Laws; Smith v. Cuyler, 78 Georgia, 654; Freydenall v. Baldwin, 103 Ill., 325; Hackett v. Manlove, 14 Cal. 8590; Bump Fraud Con., 521; Wilhelmi v. Leonard, 13 Ia., 342.

The application comes too late after general demurrer, motion to change venue, and answers upon merits. State *ex rel.* v. Judge, 36 La. Ann. 768; Ah Goon v. Superior Court, 61 Cal. 555; In re Rice 15, Sup. Court. Rep. 149; In re Alix, 17 Sup. Court Rep. 522.

The corporation having pleaded to the jurisdiction of the circuit court of Pennington county, and having answered upon the merits, no sufficient cause is presented for granting writ of prohibition, since ample remedy may be had by an appeal from the final judgment in the case. High Ex. Leg. Rem. Sec. 770 and 771; Smith v. Whitney, 116 U. S. 167; In re Cooper, 143 U. S. 472.

HANEY, J.   An order to show cause why a writ of prohibition should not be issued by this court restraining further proceedings in an action pending in the circuit court within and for Custer county having been issued and served, defendants appeared by counsel, and demurred to plaintiff's application on the ground that it does not state facts sufficient to warrant the issuance of the writ. No objection having been raised to the form of the return, the matter will be considered as an application upon notice for a peremptory writ of prohibition to which the defendants have answered without raising any issue of fact affecting the substantial rights of the parties.   Therefore the facts disclosed by the application will, for the purposes of this proceeding, be taken as true. Such as are deemed essential to an understanding of the legal propositions to be discussed may be stated as follows: The Crown Hill Mining Company is a corporation created by and existing under the laws of this state.   On March 19, 1901, an action was commenced in the circuit court within and for Minnehaha county by a stockholder to have the corporation adjudged insolvent, and a receiver appointed.   The summons and complaint were served upon the secretary of the corporation in Minnehaha county, where he then resided.   The corporation appeared by counsel, and such proceedings were had that on March 20, 1901, a judgment or order was entered wherein it was ordered, adjudged and decreed that the corporation is insolvent; that H. N. Gates (the plaintiff in this proceeding) be appointed receiver of the corporation and of all its property and assets, with the usual powers of receivers in such cases; that the receiver may, from time to time, apply to the court for such other and further powers or authority as may be necessary for the carrying out of his duties, and that such powers and authority may be granted by supplemental judgments and decrees; that the officers,

agents and employes of the corporation deliver possession to the receiver of all books, assets, and other property belonging to it, and execute such necessary and proper instruments of conveyance as may be required to vest the title to all of its property in the receiver; that the corporation and each of its officers, agents, servants, and employes be enjoined and restrained from interfering with the possession by the receiver of the property and assets of the corporation; that the receiver shall liquidate the affairs of the corporation with all convenient speed, and convert its money and assets into cash, and out of the money so received by him pay the indebtedness of the corporation, and dispose of the balance, if any there be, under the direction of the court; that upon the winding up of the affairs of the corporation such supplemental judgment be entered as may be proper dissolving the defendant as a corporation, and adjudging to plaintiff his costs and disbursements, and giving to plaintiff such other and further relief as may seem just, fit, and equitable in the premises. On the same day Gates qualified and entered upon the discharge of his duties as receiver. On April 26, 1901, an action was commenced in the circuit court within and for Custer county, wherein James R. Smith (one of the defendants in this proceeding), a stockholder and creditor of the corporation, is plaintiff, and the corporation and Gates are defendants. It is alleged in the complaint in that action that the corporation's principal place of business is at Rapid City; that it is in possession of mining property located in the counties of Custer and Lawrence; that the debts of the corporation did not exceed $25,000; that its property could, with reasonable effort, be sold for $100,000; that Smith obtained a judgment against the corporation on March 11, 1901, for $674.05; that executions were issued thereon, and all of the property of the corporation in Custer and Lawrence counties was

seized about April 1, 1901; that the proceeding in Minnehaha county was instituted by certain officers and directors of the corporation and one of its stockholders for the purpose and with intent to delay and defraud the creditors and other stockholders of the corporation. And the plaintiff prays that said judicial proceedings, judgment, and appointment of Gates as receiver, be declared fraudulent, without jurisdiction, and void; that the defendants in that action, their agents, officers, and attorneys, be enjoined and restrained from interfering with the property and assets of the corporation pending the litigation, and that upon final hearing the injunction be made perpetual; that upon the hearing a temporary receiver be appointed to take care and custody of the property and assets of the corporation, with power to sell the property of the corporation, and dispose of the proceeds in payment of debts, etc. On April 27, 1901, the circuit court within and for Custer county made an order, without notice, restraining the corporation, and Gates, as receiver, from selling or disposing of, or in any manner interfering with, any of the corporation's property or assets until otherwise ordered, and appointed William W. Olds, of Custer county, receiver of all the property and effects of the corporation, with authority to take possession thereof and hold the same subject to the orders of the court pending the litigation. Gates and the corporation (defendants in the Custer county action), having demanded a change of place of trial, moved to have the place of trial changed to Minnehaha county. This motion was denied. They separately demurred to the complaint on the following grounds: (1) That the court has no jurisdiction of the person of this defendant; (2) that the court has no jurisdiction of the subject of the action; (3) that the complaint does not state facts sufficient to constitute a cause of action. The demurrers were overruled, as were motions

to dissolve the temporary injunction and vacate the appointment of Olds as receiver. The defendants having separately answered to the merits, Gates now invokes the authority of this court to arrest all further proceedings in the action pending in Custer county.

It is contended by the defendants that Gates' appointment is void because the court was without jurisdiction to appoint a receiver of a corporation or dissolve a corporation at the suit of a stockholder. This contention is not supported by the decision in Dudley v. Hot Springs Co., 11 S. D. 559, 79 N. W. 839. In that case it affirmatively appeared that the corporation was solvent. Here it appears from the showing of both parties that the corporation is insolvent. It was so alleged in the complaint and found by the court in the Minnehaha county action. Authority to appoint a receiver in cases where a corporation is insolvent is expressly conferred by the statute. Comp. Laws, § 5015. The judgment or order appointing Gates does not purport to dissolve the corporation. The court in Minnehaha county has, in effect, done nothing more than has the court in Custer county. If one has exceeded its jurisdiction, so has the other. Being clothed with power to appoint receivers in cases where corporations are insolvent, the Minnehaha court was authorized to hear and determine the question of solvency, and, though it may have erred in its decision, it certainly has jurisdiction of the subject matter.

It is further contended by the defendants that the judgment or order appointing Gates was procured through fraud and collusion ; that the second action was properly brought in Custer county, and could not have been properly brought elsewhere execpt in Lawrence county, because it is an action affecting real estate ; that the plaintiff in this proceeding having demurred and answered to the merits in that action, his application for prohibition comes too late.

we think these contentions are founded upon a mistaken notion of the real issues involved in this proceeding. The Custer county action should not be regarded as one to vacate a fraudulent final judgment. The proceeding in Minnehaha county has not culminated in a final judgment. It is still pending, and will be until the property now in the custody of that court has been disposed of, and the receiver discharged, unless the action be sooner dismissed or appealed. The second action should be regarded as an attempt to stay such proceedings. If the Minnehaha receiver were not enjoined, the action in Custer county would be of no substantial benefit to any one. On the subject of preventive relief, our statute has the following provision applicable to the situation of the parties to this controversy: "An injunction cannot be granted to stay a judicial proceeding pending at the commencement of the action in which the injunction is demanded, unless such restraint is necessary to prevent a multiplicity of such proceedings." Comp. Laws, § 4650. The report of the New York code commissioners contains the same language. Civ. Code N. Y. § 1912. From one of the cases cited in the report we quote the following as showing the reason of the provision: "Under the existing constitution and judiciary system, courts of record are competent to grant to a plaintiff or defendant any relief, either legal or equitable, to which the facts proved and embraced within the issues made by the pleadings entitle him. There is therefore no occasion now for one court, even if it had the power, to enjoin the proceedings in another court of co-ordinate jurisdiction, and compel one who has brought an action in the latter to litigate it before a different tribunal." Bennett v. LeRoy, 5 Abb. Prac. 55. The plaintiff in the Custer county action is seeking precisely the same object sought by the plaintiff in the Minnehaha county action, namely to have the property of the

corporation sold by a receiver, and the proceeds applied in extinguishing its liabilities. Presumptively, this can be done as properly by the circuit court in one county as in another. Undoubtedly the rights of stockholders and creditors would be enforced and protected in either tribunal with equal fairness and justice., Indeed there appears from the record before us to be no real controversy between these parties except in respect to the personnel of the receivership. Because certain stockholders desire the appointment of a person other than the one appointed in Minnehaha county is certainly not a sufficient reason for the court·in Custer county to enjoin a judicial proceeding pending in another court of co-ordinate jurisdiction. If Gates is not a fit person for the trust, he can be removed by the court which appointed him. If the judgment or order providing for his appointment was collusively secured, it can be vacated by application to the court which rendered it, by any one sufficiently interested to attack it under any circumstances; and, if its language is too broad, it can be modified upon application of any one entitled to such relief. The circuit court in Custer county certainly erred in overruling the demurrers to the complaint and in refusing to vacate its order of injunction and its order appointing the receiver of property shown to be in the custody of the court in Minnehaha county. Ordinarily, an appeal from the orders or judgment of a circuit court under such circumstances would afford a plain, speedy, and adequate remedy, and the writ of prohibition should not issue. Comp. Laws, § 5531. In this case, however, it appears that several mining claims, upon which development work is required before the end of the present year, are involved, and, were the pending conflict of tribunals permitted to continue, these claims might be lost by forfeiture. Therefore we deem this to be a case in which this court should exercise its en-

larged powers under the constitution, and grant immediate relief by issuing a writ of prohibition. Vine v. Jones, 13 S. D. 54, 82 N. W. 82.

As the plaintiff in this proceeding did not waive his right to have the rulings of the circuit court on his demurrer and motion to dissolve the temporary injunction reviewed upon appeal by answering to the merits, he is not precluded from having those rulings corrected by means of the writ of prohibition. Prohibition is the counterpart of mandamus. Comp. Laws, § 5530. The constitutional powers of this court to control and correct the decisions of inferior courts in special cases by means of prerogative and remedial writs have been heretofore considered. The case at bar falls clearly within the reasoning of our former decisions. Vine v. Jones, *supra;* City of Huron v. Campbell, 3 S. D. 309, 53 N. W. 182.

The circuit court within and for Custer county should be prohibited from proceeding further in the action now pending in that court, its injunction should be dissolved, its order appointing a receiver should be vacated, and the action itself should be dismissed. .