KELLY *et al.* v. FARGO MERCANTILE CO. *et al.*

Under Comp. Laws, § 5015, providing that a receiver of corporate property can be appointed only in case the corporation is insolvent, or is in

imminent danger of insolvency, or has been dissolved, or has forfeited its corporate rights, a receiver pendente lite cannot be appointed where the complaint states that the corporation has been transacting a successful business, the proof does not show danger of insolvency, and plaintiff's rights as a stockholder are in dispute in pending litigation with a third party.

(Opinion filed July 2, 1902.)

Appeal from circuit court, Fall River county. Hon. LEVI McGEE, Judge.

Action by Edmund S. Kelly and others against the Fargo Mercantile Company and others. From an order appointing a receiver, pendente lite, of. defendant corporation's property, defendants appeal. Reversed.

*Wilson & Wilson* and *C. W. Brown,* for appellants.
*Cleveland & Juckett,* for respondents.

FULLER, J. By this appeal we are called upon to review the action of the trial court in appointing a receiver to conduct the corporate affairs of the Fargo Mercantile Company during the pendency of this action for an accounting. While conceding that the original stock of merchandise was purchased at an exhorbitant price and has since greatly depreciated in value, it is urged by counsel for appellant that there is nothing to indicate fraud on the part of the directors of the corporation, but, on the contrary, an honest intention to conduct the business in a manner consistent with the best interests of all the stockholders is affirmatively shown by the record. Although it is stated in the complaint that "said corporation is in imminent danger of insolvency," it is further alleged that an extensive and highly profitable business has been successfully transacted annually, affording an income far in excess of all operating ex-

penses, while no dividends have ever been declared; that the defendants, Charles G. Fargo and Hattie M. Fargo, having full management of the corporate assets, consisting in part of a stock of merchandise worth $20,000, have refused plaintiff the privilege of examining the books of the corporation, and have conspired to dispose of the corporate property for the purpose of fraudulently depriving him of all rights as a stockholder. Plaintiff claims to be the owner of forty shares of capital stock, purchased at an execution sale on the 18th day of September, 1900, as the property of Charles G. Fargo; and the defendants for answer, "admit that Charles G. Fargo is and has been president of the Fargo Mercantile Company since its organization, and for the last four or five years has been superintendent and managing agent, and admit that no dividend has been declared or paid on the stock of said corporation. The defendants expressly deny that the plaintiff Kelly is, or at any time has been, the owner of a large amount of the capital stock of the Fargo Mercantile Company, and that he is or has been the owner of any of the capital stock of said company, and, upon information and belief, allege that the forty shares of said capital stock claimed by said plaintiff is, and was for a long time prior to the commencement of this suit, the property of J. William Fargo, of Deadwood, South Dakota, and that the alleged execution, levy, and sale referred to in paragraph six of the complaint were and are illegal and void."

By section 5015 of the Compiled Laws the right to appoint a receiver of corporate property is made purely statutory, and can be exercised only "in cases where a corporation has been dissolved, or is insolvent, or in imminent danger of insolvency, or has forfeited its corporate rights"; and in no event under

the pleadings and proof, can the action of the trial court be jus-
tified, unless the Fargo Mercantile Company is affirmatively
shown to have been "in imminent danger of insolvency" at the
time the action was commenced.   Dudley v. Hot Springs Co.
11 S. D. 559, 79 N. W. 839.   Construed most liberally in favor
of respondent, both the complaint and testimony negative the
bare averment of imminent danger of insolvency, while his
ownership of any of the 40 shares of stock is disputed, and his
claim thereto is being litigated by a stranger in a different ac-
tion pending against himself and others.   Respondent states
that he purchased the stock on the 18th day of September,
1900, and, in the same paragraph of his complaint, alleges that
the defendant Charles G. Fargo owned the same on the 11th
day of November following, and placed the certificate thereof
in the hands of one not a party to this suit, as collateral secur-
ity for a debt.   According to the rules universally accepted, it
seems to be essential to the exercise of the extraordinary power
to appoint a receiver pendente lite that a presently existing
interest in the property over which the applicant seeks to have
a receiver appointed be affirmatively established in him.   Mr.
High, after elucidating the doctrine in conformity with the
prevailing practice, states the following principal grounds
upon which the relief is granted:   "The power of appointment
is usually invoked either for the prevention of fraud, to save
the subject of litigation from material injury, or to rescue it
from threatened destruction.   And to warrant the interposition
of a court of equity by the aid of a receiver, it is essential that
plaintiff should show—First, either a clear legal right in him-
self to the property in controversy, or that he has some lien
upon it, or that it constitutes a special fund out of which he is

entitled to satisfaction of his demand; and, secondly, it must appear that possession of the property was obtained by defendant through fraud, or that the property itself, or the income from it, is in danger of loss from the neglect, waste, misconduct, or insolvency of the defendant. Not only must the plaintiff show a case of adverse and conflicting claims to the property, but he must also show some emergency or danger of loss, demanding immediate action, and that his own right is reasonably clear and free from doubt." High, Rec. § 11. Section 4498, 4 Thomp. Corp., is in part as follows: "The general theory on which the courts act is that, in order to maintain a bill to redress wrongs to the corporation, the stockholder must either be a stockholder de jure, or he must have a vested right to the shares in the corporation, so that the corporation could not resist a demand by him to be registered as a shareholder, and to receive a certificate as such." So, "an injunction will not be granted when the right of the complainant on which the relief is founded, or at least the principle of law on which it depends, has not been settled by the courts of law." Higbee v. Transportation Co., 20 N. J. Eq. 435; Hart v. City of Albany, 3 Paige, 213.

Neither the alleged fraudulent conduct on the part of the managing officers of the corporation, its imminent danger of insolvency, nor respondent's lawful right to the stock claimed, has been shown, and there was nothing before the trial court to justify the appointment of a receiver. As the evidence strongly preponderates against the proposition of fraud, mismanagement, and imminent danger of insolvency, we could not, upon the record as presented, sustain the appointment of a receiver, even though it be assumed that the action involving

respondent's right to the forty shares of stock had terminated in his favor  Believing that the law relevant to the facts before us does not justify the order appealed from, the same is reversed, and the case remanded for further proceedings.