LYLE *v.* SHERMAN.

MANDAMUS—JURISDICTION—STENOGRAPHER'S TRANSCRIPT OF EVI-
DENCE.

> An application for a writ of mandamus to compel a circuit
> court stenographer to deliver a transcript of testimony on
> payment or tender of the statutory fees therefor should be
> made to the circuit court, and not to the Supreme Court.

Mandamus by Clarence M. Lyle to compel Harvey A.
Sherman, official stenographer of the 36th judicial circuit,
to deliver a transcript of testimony. Submitted January
22, 1907. (Calendar No. 22,099.) Writ denied March 5,
1907.

Respondent is the official stenographer of the Thirty-
Sixth judicial circuit, and refuses to deliver to relator, an
attorney at law, the transcript of the testimony of certain
witnesses in a case in which relator is counsel, except
upon payment of his legal fees therefor and in addition
thereto a fee of $5 for taking stenographic notes of the
argument of one of the opposing counsel in said cause at
relator's request. Relator prays an order requiring re-
spondent to show cause why a peremptory mandamus
should not issue requiring respondent to deliver the tran-
script of testimony aforesaid on payment or tender of the
statutory fees therefor.

*Smith & Lyle,* for relator.

*Thomas J. Cavanaugh,* for respondent.

PER CURIAM. The application for writ of mandamus
in this matter is denied, for the reason that the matter
should first be passed on by the circuit judge. Doubtless
the circuit court will grant the writ, to which we think
relator entitled, upon application, leaving the respondent
to his legal remedy, so far as the disputed charge is con-
cerned, for which the statute does not provide.